Derek S. Khanna (Cal. Bar No. 308563)
706 Tesoro Road
Monterey, CA 93940
Tel: (202) 643-248
Email: Derek.Khanna@gmail.com

Mark I. Bailen (D.C. Bar No. 459623), *Pro Hac Vice Forthcoming*
Bailen Law
1250 Connecticut Ave NW, Suite 700
Washington, DC 20036
Tel: (202) 656-0422
Email: mb@bailenlaw.com

April Mackenna White (N.Y. Bar No. 4799953), *Pro Hac Vice Forthcoming*
Bailen Law
100 Wall Street, Suite 1702
New York, NY 10005
Tel: (646) 397-3496
Email: mwhite@bailenlaw.com

*Attorneys for the Plaintiff, Kurraba Group Exposed*

# In The United States District Court
## For the Northern District of California
### San Francisco Division

| | |
|---|---|
| **Kurraba Group Exposed**, an unincorporated association,<br><br>Plaintiff,<br><br>v.<br><br>**Kurraba Group Pty Ltd,** a New South Wales, Australia, private limited company<br><br>**Nicholas "Nick" Mark Smith**, an individual residing in New South Wales, Australia,<br><br>Defendants. | Case No. _____<br><br>**PLAINTIFF'S NOTICE OF MOTION AND EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION (FED R. CIV. P. 65; CIV. L.R. 65-1)**<br><br>Judge: _____<br><br>Date/Time: Ex Parte—As soon as the Court is available<br><br>Courtroom: To be Assigned |

**NOTICE OF MOTION, EX PARTE APPLICATION & REMOTE HEARING**

**NOTICE OF MOTION, EX PARTE APPLICATION & REMOTE HEARING**

1  TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE
2  NOTICE that, as soon as the Court is available to hear this matter *ex parte*, in the San
3  Francisco Division of the United States District Court for the Northern District of California,
4  Plaintiff Kurraba Group Exposed ("KGE") will, and hereby does, apply *ex parte* for a
5  Temporary Restraining Order ("TRO") and an Order to Show Cause ("OSC") why a
6  preliminary injunction should not issue.
7  This application is brought pursuant to Federal Rule of Civil Procedure 65 and Civil
8  Local Rule 65-1. It seeks narrowly tailored emergency relief to prevent ongoing irreparable
9  injury to Plaintiff's First Amendment rights caused by Defendants' efforts to project a foreign
10 censorship order into the United States and suppress Plaintiff's members' U.S.-hosted speech.
11 Plaintiff Kurraba Group Exposed (KGE) is an unincorporated association that
12 operates a U.S.-hosted platform on which its members publish investigative reporting
13 regarding Defendants' project. KGE brings this action both on its own behalf and on behalf
14 of its members. As set out in the Verified Complaint, KGE satisfies the requirements for
15 associational standing: its members' speech has been directly suppressed; protecting that
16 speech is central to KGE's purpose; and the relief sought does not require participation of
17 individual members. Proceeding via the association also protects contributors' anonymity and
18 avoids the chilling effect that would result from forced identification.
19 **I.      NOTICE TO DEFENDANTS OF TRO**
20 Plaintiff KGE provided notice of the impending TRO on October 22, 2025. With the
21 filing today, Plaintiff is providing service to Defendants in multiple ways to ensure they are
22 aware of the pending proceeding. Consistent with the Hague Convention, and local
23 Australian law, Plaintiff will serve Defendants by way of A) personal service, B) Registered
24 Post (a letter), and C) email to Defendants counsel who represented them in ongoing

litigation on related matters and whom had contacted Plaintiff with various demand letters on this matter.

## II.   REQUEST FOR REMOTE HEARING

Pursuant to the Court's discretion and consistent with General Order No. 58 and the Court's ongoing authority to permit remote appearances, Plaintiff respectfully requests that the hearing on this Motion for Temporary Restraining Order and any related proceedings be conducted by videoconference or other suitable audio-visual teleconferencing means.

Plaintiff's local counsel, Mr. Khanna, primarily lives and works in Washington, DC. Plaintiff's counsel, Mr. Bailen and Ms. White, are in New York and Washington, D.C., respectively, and Defendants are in Australia. Conducting the hearing remotely would promote judicial efficiency, reduce the burden and expense of interstate and international travel, and ensure the timely participation of all parties and counsel notwithstanding substantial geographic and time zone differences.

## III.   STATEMENT OF RELIEF SOUGHT

Plaintiff requests that the Court enter a TRO:

1. Enjoining Defendants Kurraba Group Pty Ltd and Nicholas "Nick" Mark Smith (and their officers, agents, employees, attorneys, and anyone acting in concert with them) from enforcing, attempting to enforce, or giving any effect within the United States to the Australian court orders obtained against KGE's website, including using or presenting such orders to induce any U.S. based person or entity (including Google LLC) to remove, deindex, or suppress Plaintiff's content.

2. Enjoining Defendants Kurraba Group Pty Ltd and Nicholas "Nick" Mark Smith from pursuing or initiating any further legal actions in Australia or elsewhere aimed at requiring removal or suppression of Plaintiff's U.S. hosted content,

NOTICE OF MOTION, EX PARTE APPLICATION & REMOTE HEARING

including (by way of example) any contempt or enforcement efforts intended to compel Google to enforce the Australian injunction in the United States.

3. Setting an OSC hearing on Plaintiff's motion for a preliminary injunction within 10–14 days of entry of the TRO (or on such date as the Court may set) and providing blanks for the Court to set a service deadline for the TRO and supporting papers per Civ. L.R. 65-1 and Rule 65(b).

4. Waiving security under Rule 65(c) or setting a nominal bond, given the substantial public interest and absence of cognizable monetary harm to Defendants from preservation of the status quo.

5. **Immediate Authorization of Alternative Service (FRCP 4(f)(3), 4(h)(2))**: To avoid months-long delay inherent in Hague Central Authority service and to ensure prompt participation by the Australian Defendants at the OSC, Plaintiff requests that the Court authorize alternative service forthwith on Kurraba Group Pty Ltd and Nicholas "Nick" Mark Smith, by any means not prohibited by international agreement and consistent with Australian law, including: (i) personal service on Mr. Smith in Australia; (ii) service on Kurraba Group Pty Ltd by leaving at or posting to its registered office and/or by delivering to a director or company secretary (including Mr. Smith), as permitted by Corporations Act § 109X; and (iii) registered international mail requiring a signed receipt, addressed and dispatched by the Clerk under FRCP 4(f)(2)(C)(ii). Proof may be made as provided in FRCP 4(l)(2). This relief is warranted because Australia accepts postal service under Hague Article 10(a), and the Central Authority route often takes approximately 3–6 months, risking irreparable harm in the interim.

IV.    **STATEMENT OF ISSUES TO BE DECIDED**

1. Whether a TRO should issue to prevent enforcement in the United States of a foreign (Australian) order that suppresses Plaintiff's U.S.-hosted speech and to restore Google's indexing of Plaintiff's content pending preliminary injunction proceedings.

2. Whether Plaintiff has shown likelihood of success, irreparable harm, that the balance of equities and the public interest favor emergency relief.

3. Whether the Court should waive or set a nominal bond under Rule 65(c).

## V.  GROUNDS FOR RELIEF

Emergency relief is warranted. Each day that Plaintiff's speech remains suppressed, it inflicts irreparable harm to First Amendment rights. Plaintiff is likely to succeed because the foreign defamation/privacy order at issue is unenforceable in the United States under controlling federal law and constitutional principles; the balance of equities and the public interest strongly favor protecting lawful speech on matters of public concern. These points are set out in Plaintiff's Verified Complaint and Memorandum of Points and Authorities, filed concurrently and incorporated by reference.

Since Defendants invoked the Australian order to induce Google to de-index KGE's website, Plaintiff's content has been effectively hidden from its intended audience. The site no longer appears for searches on "Kurraba," "Kurraba Group," and similar queries, and traffic has declined by more than 90%. This blackout arrives at a critical moment, depriving residents and prospective investors of information essential to timely decisions. The loss of visibility, audience, and influence cannot be remedied by money damages and compounds each day the suppression persists.

Absent immediate relief, the harm will escalate. The foreign injunction's sweeping terms purport to require the removal of the website itself, and Defendants have already attempted to enforce that order against U.S. intermediaries. If hosting, domain, or other U.S.-

based services are pressured next, KGE's platform could be taken offline entirely, silencing the association and its members outright. The chilling effect on contributors is already palpable; a TRO is necessary to prevent foreign censorship from nullifying Plaintiff's constitutional rights while this case is pending.

KGE's reporting addresses matters of significant public concern, the integrity of a major development, the conduct of its proponents in the regulatory process, and impacts on the community. The public interest is served by maintaining access to this information and by ensuring robust debate on these issues can continue without foreign-imposed restraints.

The public interest also favors preventing "libel tourism" and the projection of foreign censorship into the United States. Allowing an overseas injunction to dictate what Americans can publish would invite a race to the bottom in speech protections and undermine the policy choices embodied in the First Amendment and federal law. The requested TRO preserves the status quo consistent with U.S. law while the Court adjudicates the merits.

### VI.   COMPLIANCE WITH CIVIL LOCAL RULE 65-1 (NOTICE)

Pursuant to Civ. L.R. 65-1, Plaintiff provided notice of this application to all Defendants. Plaintiff emailed all Defendants on October 25, 2025, advising of its intent to seek this TRO and enclosing the Rule 65-1 notice letter (*Declaration of Plaintiff's Local Counsel Derek Khanna*, Ex. 2). Despite that advance notice, no Defendant responded or took corrective action. Given the urgency and Defendants' non-response, *ex parte* relief is necessary to prevent further immediate harm.

Consistent with Mullane's due-process requirement that notice be 'reasonably calculated' to reach the adverse party, and Ninth Circuit/N.D. Cal. approvals of electronic notice, Plaintiffs provided pre-filing email notice of the impending TRO to counsel at the email addresses they have used to communicate about this dispute; Fed. R. Civ. P. 65(b)(1)(B) and

NOTICE OF MOTION, EX PARTE APPLICATION & REMOTE HEARING

N.D. Cal. Civ. L.R. 65-1(b) require reasonable efforts and timely notice, not a particular medium."

## VII. SUPPORTING PAPERS

This Application is supported by and accompanied by:

- Verified Complaint (filed concurrently);
- Memorandum of Points and Authorities (filed concurrently);
- [Proposed] Temporary Restraining Order and Order to Show Cause;
- Declaration of Plaintiff's Local Counsel Derek Khanna (with Exhibits);
- Declaration of Michael Williams;
- Declaration of Plaintiff's Representative James Smith;
- Such other evidence and argument as may be presented to the Court.

## VIII. REQUESTED SCHEDULING

Plaintiff respectfully requests that the Court: (i) enter the TRO; (ii) set an OSC hearing on the preliminary injunction- motion within 10–14 days of the TRO (or on a date convenient to the Court); and (iii) set a service deadline for the TRO and all supporting papers consistent with Rule 65(b) and Civ. L.R. 65-1. Consistent with the foregoing, service of the TRO, OSC, Verified Complaint, and supporting papers may be accomplished by any Court-authorized method above, with service deemed effective on the earliest of a sworn proof of personal/§ 109X[1] service or the addressee's signed receipt for registered mail, per FRCP 4(l)(2); Rule 4(m) does not apply to such foreign service.

---

[1] *Corporations Act 2001* (Cth) s 109X (Austl.), https://www5.austlii.edu.au/au/legis/cth/consol_act/ca2001172/ (setting out how documents may be served on companies in Australia, including by leaving, posting, or delivering them to a director or the company's registered office).

NOTICE OF MOTION, EX PARTE APPLICATION & REMOTE HEARING

Dated: October 28, 2025.                    Respectfully submitted,

Derek S. Khanna (Cal. Bar No. 308563)
706 Tesoro Road
Monterey, CA 93940                           /s/*Derek S. Khanna*
Tel: (202) 643-248
Email: Derek.Khanna@gmail.com                Derek S. Khanna

Mark I. Bailen (D.C. Bar No. 459623),
*Pro Hac Vice Forthcoming*
Bailen Law
1250 Connecticut Ave NW, Suite 700
Washington, DC 20036
Tel: (202) 656-0422
Email: mb@bailenlaw.com

April Mackenna White (N.Y. Bar No. 4799953), *Pro Hac Vice Forthcoming*
Bailen Law
100 Wall Street, Suite 1702
New York, NY 10005
Tel: (646) 397-3496
Email: mwhite@bailenlaw.com

*Attorneys for the Plaintiff
Kurraba Group Exposed*