# Civil Local Rule 65-1 - TRO Notice - US District Court for the Northern District of California

| | |
|---|---|
| From | Kurraba Group <kurrabagroup@proton.me> |
| To | info@kurrabagroup.com |
| BCC | Jim Micallef<Jim.Micallef@corrs.com.au>, Mark Wilks<Mark.Wilks@corrs.com.au> |
| Date | Saturday, October 25th, 2025 at 10:17 PM |

Dear Counsel and Parties,

Please find attached the **Notice of Intent to File Temporary Restraining Order Application** pursuant to **Civil Local Rule 65-1 of the U.S. District Court for the Northern District of California**.

Plaintiff **Kurraba Group Exposed ("KGE")** intends to file an **ex parte application for a Temporary Restraining Order** in the Northern District of California, San Francisco Division, on **Monday, October 28, 2025, at approximately 12:00 p.m. (noon) Pacific Time**. The application concerns suppression of KGE's website and speech arising from actions initiated by the Defendants and enforced by nominal defendant Google LLC.

Consistent with Rule 65-1, this email serves to provide notice of the intended filing. The full TRO application, memorandum of law, supporting declaration(s), and proposed order will be promptly served upon filing.

Please confirm receipt of this notice.

Kind regards,

**James Smith**

Representative for **Kurraba Group Exposed (KGE)**

Sent with Proton Mail secure email.

On Wednesday, October 22nd, 2025 at 5:12 AM, Kurraba Group <kurrabagroup@proton.me> wrote:

> ***This communication is a confidential compromise under Fed. R. Evid. 408 and analogous rules; it may be used for purposes allowed by Rule 408(b) (e.g., notice, enforcement). Nothing herein waives any right, claim, or defense, or constitutes an admission.***
>
> **CONFIDENTIAL—FOR SETTLEMENT PURPOSES ONLY**
>
> **Fed. R. Evid. 408 (and analogous state rules) — Pre-litigation communication**
>
> October 21, 2025
>
> **Via Email**

Kurraba Group Pty Ltd and Nicholas "Nick" Mark Smith

c/o Corrs Chambers Westgarth (Legal Counsel)

Re: **Immediate demand and settlement offer regarding your complaint to Google and related censorship efforts**

Dear Counsel:

We write on behalf of **Kurraba Group Exposed ("KGE")**, a U.S.-based publisher, to make a **Rule 408** settlement proposal and to give **final pre-filing notice**. This letter is a confidential compromise communication under Fed. R. Evid. 408 and analogous state rules; it is made **without prejudice** and **without admission** of any kind. KGE reserves all rights to use this communication for purposes permitted by Rule 408(b) (e.g., to show notice, enforce a settlement, or negate any contention of undue delay).

## What must happen now (our non-negotiable conditions)

Within **24 hours**—no later than **5:00 p.m. Pacific Time on October 23, 2025 (11:00 a.m. AEDT on October 24, 2025)**—Kurraba Group Pty Ltd and Mr. Smith must:

1. **Withdraw** your complaint(s), notices, and legal demands to **Google** (and any other intermediaries) that sought de-indexing, removal, or deprioritization of KGE's content.

2. **Direct Google in writing** to **restore KGE's pages and search visibility** promptly and to disregard any request premised on the interim Australian orders.

3. Provide a signed **undertaking** that you will **not** (a) pursue, request, or induce any removal, de-indexing, deprioritization, or other interference with KGE's content; (b) seek to enforce or expand any **foreign** injunction or judgment to affect U.S.-hosted speech; or (c) contact U.S.-based service providers to suppress KGE's reporting now or in the future.

4. In lieu of a public vindication by a court, upload an apology to KurabaGroup.exposed admitting to and apologzing for seeking to block our content from the internet.

**If you do not fully comply by the deadline, KGE will file its Verified Complaint in the U.S. District Court for the Northern District of California** without further notice to you and reserves the right to seek immediate emergency relief. The pleading is ready for filing **with exhibits that include a full copy of the website as it exists today**, and public-interest organizations—the **ACLU** and **EFF**—have agreed to file amicus briefs supporting the First Amendment issues at stake.The pleading is in DRAFT state and is subject to change up to and until filing, therefore, has not been finalized and cannot be taken for fact.

## Our settlement offer

In exchange for your timely and complete compliance with the three conditions above:

- **KGE will forbear filing** its federal action and related applications for a TRO/PI directed at both you and Google.

- **No money** will be sought or exchanged.

- The parties can memorialize the resolution via a short, mutual **non-interference stipulation** (limited to indexing/search visibility and free from any gag or non-disparagement terms).

- Each side bears its **own fees and costs** to date.

- Nothing in the stipulation will restrict KGE's **lawful newsgathering and commentary**, and nothing will constitute an admission by any party.

If you prefer, we are prepared to file a **stipulated order** in the Northern District of California, solely to ensure Google's prompt restoration and to avert future relitigation over intermediary takedowns; however, a complaint would need to be filed. We would seek to do so under seal.

## Why we will prevail

The attached *draft* Verified Complaint (dated **October 21, 2025**) sets out the facts and claims that will support swift injunctive relief. Among other points:

- **Core theory.** This case seeks to protect **U.S.-hosted, U.S.-published speech** on a matter of public concern from **foreign censorship** imported into the United States via intermediary pressure. KGE asks for a declaration that its investigations and commentary are **lawful and protected under U.S. law**, and for an **injunction** preventing you from enforcing or inducing enforcement of the interim **New South Wales** order against U.S. speech and platforms.

- **Public-interest reporting.** KGE's coverage scrutinizes Kurraba Group's **100 Botany Road** development and related conduct, topics that **unquestionably involve public concern**. The site discloses sources (emails, plans, corporate records) and includes analysis and opinion based on disclosed facts, classic watchdog journalism. A **complete copy of KGE's publications** is appended as **Exh. KGE-3** (due to size available at [https://www.kurrabagroup.exposed/wp-content/uploads/2025/10/Exhibit_KGE-3-Redacted.pdf](https://www.kurrabagroup.exposed/wp-content/uploads/2025/10/Exhibit_KGE-3-Redacted.pdf)). As you might imagine, court documents, including exhibits are public records in the United States and privilege applies to publication of court documents.

- **Libel tourism and misidentification.** Despite being informed that KGE is U.S.-run, you proceeded in Australia against **Michael Williams**, obtained an **ex parte, blanket prior restraint**, and then used that order to pressure **Google**, all while targeting a **California-hosted** site and U.S. publishers. That strategy is textbook **libel tourism** and offends U.S. due-process and First Amendment norms.

- **Google de-indexing harm.** Following your demands, Google suppressed KGE in Australia and, in practice, **globally**, causing ongoing, irreparable First Amendment injury—precisely the kind of harm that warrants **immediate injunctive relief**.

- **The law.**

    - The **SPEECH Act** (28 U.S.C. §§ 4101–4105) **bars recognition** of foreign defamation judgments that fail to provide protections **at least** as robust as U.S. law or would not be reached under U.S. standards—criteria your interim order cannot satisfy.

    - **First Amendment** principles disfavor **prior restraints** and protect criticism of entities engaged in public controversies; at minimum, you would face the **actual-malice** standard on factual claims

- and **non-actionability** of protected opinion.

    - Relief is sought under the **Declaratory Judgment Act** (28 U.S.C. § 2201), the **All Writs Act** (28 U.S.C. § 1651), and consistent with **Section 230** principles that U.S. courts have invoked to **enjoin enforcement** of foreign de-indexing orders against U.S. intermediaries.

- **Requested relief in court.** The complaint seeks (i) a declaration that KGE's speech is protected and any foreign order is **unenforceable** here; (ii) an injunction **barring you** from enforcing or leveraging the Australian order in the U.S.; and (iii) **directives to Google** to **restore indexing** and disregard the foreign order absent a valid U.S. judgment. It also seeks **fees and costs** as allowed by statute and equity.

Put simply: **U.S. law controls U.S. speech published from U.S. servers by U.S. companies**. Your effort to launder a speech-suppressive foreign order through U.S. platforms is precisely what Congress and the federal courts have rejected.

## Preservation

Regardless of settlement, you are on notice to **preserve** all documents, communications, and ESI related to: (i) any complaints, requests, or contacts with **Google** or other intermediaries; (ii) your Australian litigation and orders; (iii) the 100 Botany Road project; and (iv) any efforts to identify, contact, intimidate, or silence KGE contributors or sources. Spoliation consequences will be sought as appropriate.

## How to accept

Please email your **written acceptance** and the signed **undertaking** (as described above) to **info@kurrabagroup.exposed** by the deadline. Upon receipt, we will circulate a short-form settlement stipulation memorializing the resolution and, after confirmation that Google has acted on your withdrawal, we will mark the matter closed.

If we do **not** receive full compliance by the deadline, KGE will **file immediately**, together with applications for **temporary and preliminary injunctive relief** and notice to Google.

We remain available today to discuss logistics of your withdrawal notice to Google and language for your undertaking.

Sincerely,

Ronald McDonald

**Kurraba Group Exposed** (by its authorized representative)

**Attachments:**

1. **Verified Complaint for Declaratory and Injunctive Relief (Redacted)**, dated Oct. 21, 2025.

2. **Exhibits** KGE-1, KGE-2, dated Oct. 21, 2025.

3. **Exhibit** KGE-3 is available at https://www.kurrabagroup.exposed/wp-content/uploads/2025/10/

> Exhibit_KGE-3-Redacted.pdf, dated Oct. 21, 2025.
>
> Sent with Proton Mail secure email.

**193.31 KB**  1 file attached

2025-10-25 - TRO Notice - Civil Local Rule 65-1 - Final.pdf 193.31 KB