Derek S. Khanna (Cal. Bar No. 308563)
706 Tesoro Road
Monterey, CA 93940
Tel: (202) 643-248
Email: Derek.Khanna@gmail.com

Mark I. Bailen (D.C. Bar No. 459623), *Pro Hac Vice Forthcoming*
Bailen Law
1250 Connecticut Ave NW, Suite 700
Washington, DC 20036
Tel: (202) 656-0422
Email: mb@bailenlaw.com

April Mackenna White (N.Y. Bar No. 4799953), *Pro Hac Vice Forthcoming*
Bailen Law
100 Wall Street, Suite 1702
New York, NY 10005
Tel: (646) 397-3496
Email: mwhite@bailenlaw.com

*Attorneys for the Plaintiff, Kurraba Group Exposed*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **Kurraba Group Exposed**, an unincorporated association,<br><br>        Plaintiff,<br><br>  v.<br><br>**Kurraba Group Pty Ltd,** a New South Wales, Australia, private limited company<br><br>**Nicholas "Nick" Mark Smith**, an individual residing in New South Wales, Australia,<br><br>       Defendants. | Case No. Case 3:25-cv-09271<br><br>**DECLARATION OF PLAINTIFF'S LOCAL COUNSEL DEREK KHANNA** |

## DECLARATION OF DEREK KHANNA

**DECLARATION OF PLAINTIFF'S LOCAL COUNSEL DEREK KHANNA**
Case 3:25-cv-09271

1  I, Derek S. Khanna, declare as follows:

2      1.      For the below, I did not personally send the emails in question, but have

3  reviewed the correspondence and assert to their accuracy to the best of my knowledge.

4      2.      **Attorney Role & Background:** I am an attorney licensed in the State of

5  California and counsel of record for Plaintiff Kurraba Group Exposed ("Plaintiff" or "KGE")

6  in the above-entitled action. I make this declaration in compliance with Civil Local Rule 65-1

7  to certify the notice that has been provided to the Defendants regarding Plaintiff's impending

8  application for a Temporary Restraining Order ("TRO"). The facts stated herein are within my

9  personal knowledge or based on information provided to me by Plaintiff. Defendants received

10  our communications, as shown in the email tracking report, showing that the October 22 letter

11  was opened multiple times, but did not respond or took any clear corrective action.

12      2.      **Initial Inquiry to Google (October 20, 2025):** On October 20, 2025, Plaintiff

13  Kurraba Group Exposed, through its representatives, sent a written communication via email

14  to Google LLC, seeking assistance and information on how to restore or "unblock" KGE's

15  website in Google's search results. This email described the situation in which KGE's content

16  had been de-indexed or suppressed on Google search, apparently due to a foreign (Australian)

17  court order, and inquired about the process or possibility of reversing that action. A true and

18  correct copy of the email sent to Google on October 20, 2025, is attached hereto as Exhibit 1.

19  Despite this outreach, no response was received from Google. As of the date of this declaration,

20  Google still has not provided any reply or assistance in response to the October 20 inquiry.

21      3. **Letter to Kurraba Group and Nick Smith (October 22, 2025)**: On October 22,

22  2025, Plaintiff Kurraba Group Exposed sent a formal letter to Defendants Kurraba Group Pty

23  Ltd and Nicholas "Nick" Smith. This letter foreshadowed imminent U.S. litigation and

24  demanded corrective action to address the censorship of KGE's website. In particular, the letter

25  notified Kurraba Group and Mr. Smith that their actions in obtaining and leveraging an

1    Australian gag order against KGE's U.S.-based speech were unlawful. A draft copy of the U.S.

2    Complaint that Plaintiff intended to file, substantially similar to the Verified Complaint filed

3    in this action, was enclosed with the letter, so Defendants would fully understand the claims

4    and relief that Plaintiff would pursue. While I was not counsel at this time, I have reviewed this

5    correspondence and based on that review assert that a true and correct copy of the October 22,

6    2025, demand letter is attached hereto as Exhibit 2.

7        4.        **Transmission and Receipt of October 22 Letter**: The October 22 letter (Ex.

8    2) was transmitted to Defendants via email on that same date. Plaintiff, via its representatives,

9    emailed the letter, with the draft complaint and exhibits attached, to Kurraba Group, Mr. Nick

10   Smith    (<info@kurrabagroup.com>),    and    their    attorneys    (Jim    Micallef

11   <Jim.Micallef@corrs.com.au>, Mark Wilks <Mark.Wilks@corrs.com.au>), using the email

12   contact information Plaintiff had for them, including by replying to the addresses Defendants'

13   attorneys had previously used to communicate with Plaintiff. These emails were sent to

14   Defendants on October 22, 2025. I have been informed, and do believe, that an email-tracking

15   tool used by Plaintiff indicated that the email containing the letter was opened at least seven

16   (7) times by the recipients, suggesting that Defendants received and viewed the letter multiple

17   times. Despite clear evidence of receipt, neither Kurraba Group nor Mr. Smith responded to or

18   acknowledged the October 22 letter or the attached draft complaint. Defendants did not contact

19   Plaintiff or me to offer any remedy, explanation, or to otherwise discuss the matter after this

20   notice.

21       5.        **Local Rule 65-1 Notice of TRO Application (October 25, 2025)**: In

22   accordance with Civil Local Rule 65-1 and out of an abundance of caution to provide notice,

23   on October 25, 2025, Plaintiff sent an email to all Defendants advising them of Plaintiff's intent

24   to seek an *ex parte* Temporary Restraining Order in U.S. District Court. Specifically, on that

25   date Plaintiff emailed (a) Defendant Kurraba Group Pty Ltd (through the same email previously

1    used for correspondence); (b) Defendant Nicholas "Nick" Smith (to his known email address,

2    which had been used in prior communications); and (c) Defendants' counsel, James Micallef

3    and Mark Wilks. True and correct copy of the covering email serving the Rule 65-1 notice sent

4    on October 25 to Kurraba Group Pty Ltd and to Nicholas Smith is attached as Exhibit 3.

5           In that notice, Plaintiff stated it would seek immediate injunctive relief to bar

6    enforcement of the Australian order and to restore KGE's online content, and Plaintiff included

7    a summary of the relief to be requested. A true and correct copy of the October 25, 2025, notice

8    is attached hereto as Exhibit 4. This email stated that, pursuant to Local Rule 65-1, we were

9    providing notice of the date and substance of the TRO application and identified the general

10   nature of the relief sought. The notice email was sent to Defendants on October 25, 2025.

11   Consistent with Mullane's due-process requirement that notice be 'reasonably calculated' to

12   reach the adverse party, and Ninth Circuit/N.D. Cal. approvals of electronic notice (see Rio

13   Properties, 284 F.3d at 1016–18; St. Francis Assisi, 2016 WL 5725002, at *1–2; Facebook v.

14   Banana Ads, No. 11-cv-03619-YGR), Plaintiffs provided pre-filing email notice of the

15   impending TRO to counsel at the email addresses they have used to communicate about this

16   dispute; Fed. R. Civ. P. 65(b)(1)(B) and N.D. Cal. Civ. L.R. 65-1(b) requires reasonable efforts

17   and timely notice, not a particular medium."

18          6.    **No Responses from Defendants**: As of the time of this declaration, none of the

19   Defendants has responded to the October 25, 2025 notice of the TRO application. Plaintiff has

20   not received any email, phone call, or any form of communication from Kurraba Group Pty

21   Ltd or Nicholas Smith in response to either the October 22 demand letter or the October 25

22   TRO notice email. Google has provided no assistance or assurance that it would restore the

23   content absent a court order. Thus, Plaintiff requires Court intervention to obtain any relief. To

24   my knowledge, no attorney or representative for Kurraba Group or Mr. Smith has appeared in

25   the United States or contacted either Plaintiff or me regarding this dispute. Thus, Defendants

1  have been informed of Plaintiff's intent to seek emergency relief, yet they have made no

2  attempt to resolve the issue or oppose the relief prior to filing.

3      7.    **Justification for *Ex Parte* Relief**: Considering the foregoing, Plaintiff

4  proceeded to file the TRO application ex parte. Good cause exists: specific facts detailed above

5  and in the accompanying declarations clearly show that immediate and irreparable injury to

6  Plaintiff's First Amendment rights will occur before Defendants can be heard in opposition,

7  and Plaintiff's counsel has certified efforts to give notice as required by law. Defendants

8  Kurraba Group and Mr. Smith are foreign parties, located in Australia, and have not appeared

9  in any U.S. proceeding or retained U.S. counsel known to Plaintiff, making the timing of any

10 inter partes hearing uncertain. Moreover, given the ongoing irreparable harm to Plaintiff's First

11 Amendment rights with each passing day and Defendants' lack of any response, Plaintiff

12 believes that waiting for a formally noticed motion, which would entail significant delay, would

13 simply allow the harm to continue. Further attempts to contact Defendants are likely futile

14 under the circumstances. Nonetheless, as described above, Plaintiff gave Defendants actual

15 notice of its intent to seek this TRO, satisfying the notice requirements of Local Rule 65-1.

16 Despite notice, no Defendant responded or sought to be heard, which supports proceeding *ex*

17 *parte*. The *ex parte* application is necessitated by the urgent need to restore Plaintiff's and

18 Plaintiff's members' free speech rights and the time-sensitive nature of the relief.

19

20 I declare under penalty of perjury under the laws of the United States of America, pursuant to

21 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on: October 30, 2025                    Signed under penalty of perjury,

**DECLARATION OF PLAINTIFF'S LOCAL COUNSEL DEREK KHANNA**
Case 3:25-cv-09271

Derek S. Khanna (Cal. Bar No. 308563)
706 Tesoro Road
Monterey, CA 93940
Tel: (202) 643-2483
Email: Derek.Khanna@gmail.com

/s/*Derek S. Khanna*

Derek S. Khanna

*Attorney for the Plaintiff*
*Kurraba Group Exposed*