IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **Kurraba Group Exposed**, an unincorporated association,<br><br>Plaintiff,<br><br>v.<br><br>**Kurraba Group Pty Ltd,** a New South Wales, Australia, private limited company<br><br>**Nicholas "Nick" Mark Smith**, an individual residing in New South Wales, Australia<br><br>Defendants. | Case No. Case 3:25-cv-09271<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION FOR A TEMPORARY RESTRAINING ORDER & REMOTE HEARING AND FURTHER ORDERING DEFENDANTS TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

## [PROPOSED] ORDER

The Court has considered Plaintiff Kurraba Group Exposed's Ex Parte Application for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction. Having reviewed the application, the Verified Complaint, the memorandum of points and authorities, the supporting declaration and exhibits, and all other documents submitted, the Court finds that good cause exists to grant the requested relief. In particular, the Court finds that Plaintiff is likely to succeed on the merits of its claims (including under the SPEECH Act, 28 U.S.C. § 4102, and the First Amendment), that Plaintiff is suffering irreparable harm in the form of ongoing censorship of its protected speech, that the balance of equities tips in Plaintiff's favor, and that the public interest strongly favors protecting First Amendment-protected expression from foreign censorship. The Court further finds that Plaintiff has provided notice to Defendants of this application pursuant to Civil Local Rule 65-1, and that no opposition has been presented.

Therefore, **IT IS HEREBY ORDERED** as follows:

**PLAINTIFF'S [PROPOSED] TRO ORDER**

1. **Enjoining Enforcement of Foreign Order**: Defendants Kurraba Group Pty Ltd and Nicholas "Nick" Mark Smith, and their officers, agents, employees, attorneys, and all persons acting in concert or participation with them, are restrained and enjoined from enforcing, threatening to enforce, or attempting to give any effect to the orders of the New South Wales, Australia court concerning Plaintiff's website. This enjoinment specifically includes, without limitation, any effort to present, file, or use the Australian court's interim injunction of October 7, 2025, or any subsequent order in that Australian case, in any court or jurisdiction in the United States as a basis to remove, de-index, or block content published by Plaintiff. Defendants must not seek to have any U.S.-based individual or entity, including but not limited to Google LLC, comply with or enforce the Australian order against Plaintiff's content.

2. **Enjoining Further Censorship Actions Abroad**: Defendants Kurraba Group Pty Ltd and Nicholas "Nick" Mark Smith, and anyone in active concert with them, are further enjoined from initiating or prosecuting any new or additional proceedings, whether in Australia or elsewhere, that would impose censorship on Plaintiff's U.S.-hosted speech or penalize any party for failing to enforce the Australian order in the United States. In particular, Defendants shall take no action to pursue contempt sanctions, penalties, or other enforcement measures in the Australian litigation, or any other foreign tribunal, aimed at compelling Google or any other U.S.-based service provider to remove or suppress Plaintiff's content, to the extent such content remains accessible under U.S. law and this Order. This provision is intended to maintain the status quo and prevent Defendants from undermining this Court's jurisdiction and the protections of U.S. law through foreign proceedings.

3. **Duration of Temporary Restraining Order**: This Temporary Restraining Order is effective immediately upon issuance and shall remain in effect until _____, 2025, at: _____ no more than 14 days from the date of

PLAINTIFF'S [PROPOSED] TRO ORDER

issuance, unless extended by the Court for good cause or by the Defendants' consent, or dissolved earlier by the Court.

4. **Order to Show Cause (Preliminary Injunction Hearing)**: Defendants Kurraba Group Pty Ltd, Nicholas "Nick" Mark Smith, and Google LLC are hereby ORDERED TO SHOW CAUSE at a hearing to be held on _____, 2025 at _____ in Courtroom _____ of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, United States, or virtually via audiovisual conference, why a preliminary injunction should not be issued enjoining the Defendants during the pendency of this action from engaging in each of the acts and omissions described in paragraphs 1 through 3 above, and providing the same relief set forth in this Temporary Restraining Order. At that hearing, the Court will also consider whether this Temporary Restraining Order should be extended or modified pending final adjudication.

6. **Briefing and Service Schedule**: Defendants may file and serve on Plaintiff's counsel any papers in opposition to the issuance of a preliminary injunction by _____. Plaintiff may file and serve any reply papers by _____. The Court may adjust these deadlines as appropriate. In the event any Defendant intends to oppose the preliminary injunction, such Defendant is encouraged to promptly notify Plaintiff's counsel and the Court as soon as possible.

7. **Service of Order and Pleadings**: Plaintiff shall serve each Defendant with a copy of this Order, as well as the Summons, Verified Complaint, motion papers, memorandum, and supporting declaration and exhibits filed in this matter, no later than Tuesday, October 28, 2025, at 12:00 p.m. Pacific Time, or as otherwise ordered by the Court. Plaintiff shall promptly file proof of such service. Given that Defendants Kurraba Group Pty Ltd and Nicholas Smith are foreign defendants, service

PLAINTIFF'S [PROPOSED] TRO ORDER

may be accomplished by any means authorized by Rule 4(f) of the Federal Rules of Civil Procedure or any other means approved by the Court.

8. **Security/Bond**: The Court exercises its discretion to waive the security bond requirement or sets a bond in the nominal amount of $2,000 for this Temporary Restraining Order. The Court finds that Defendants will not suffer any monetary damage or wrongful restraint by being enjoined from enforcing an unlawful foreign censorship order, and that Plaintiff's likelihood of success and the public interest justify no, or minimal, security in this First Amendment case.

9. **Remote Hearing:** Pursuant to the Court's discretion and consistent with General Order No. 58, the hearing on Plaintiff's Motion for Temporary Restraining Order and any related proceedings shall be conducted by videoconference or other appropriate audiovisual teleconferencing means, to accommodate counsel and parties located in different jurisdictions, including Plaintiff's counsel in New York and Washington, D.C., and Defendants situated in Australia.

10. **Proof and Effectiveness of Service**: Service effected pursuant to paragraph 10 is deemed effective upon the earliest of: (i) filing of a sworn proof showing service on Mr. Smith or his attorneys at the email addresses they use to communicate about this matter to Plaintiff; (ii) filing of a sworn proof showing service on Kurraba Group Pty Ltd in accordance with § 109X (including delivery to a director or company secretary or posting to the registered office), or their attorneys at the email addresses they use to communicate about this matter to Plaintiff; or (iii) docketing of the signed postal receipt (or comparable signed delivery record) for registered international mail. See FRCP 4(l)(2).

The Court further confirms that Rule 4(m)'s time limit does not apply to service in a foreign country under Rules 4(f) and 4(h)(2).

PLAINTIFF'S [PROPOSED] TRO ORDER

1    11. **Clerk's Authority**: The Clerk is authorized and directed, upon Plaintiff's request and payment of postage, to address and dispatch the foregoing documents by international registered mail to each Defendant at the addresses provided by Plaintiff, and to docket any returned receipts.

4    12. **Scheduling**: For avoidance of doubt, service accomplished by any method authorized herein satisfies the service requirement in paragraph 7 of this Order, and Defendants' briefing deadlines and appearance obligations at the OSC run from the dates of effective service established above.

Dated: _____

_____
JACQUELINE SCOTT CORLEY
United States District/Magistrate Judge