UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURRABA GROUP EXPOSED,<br><br>Plaintiff,<br><br>v.<br><br>KURRABA GROUP PTY LTD, et al.,<br><br>Defendants. | Case No. 25-cv-09271-JSC<br><br>**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER** |

Plaintiff, Kurraba Group Exposed (KGE), filed this action seeking to enjoin Defendants Kurraba Group Pty Ltd. and Nicholas Mark Smith from enforcing an Australian court order regarding KGE's website. The Complaint was accompanied by a motion for a temporary restraining order (TRO). (Dkt. No. 2.[1]) The Court struck the TRO and related filings because Plaintiff's counsel was not admitted to practice in this Court and the filings failed to comply with the Local Rules. Plaintiff has now filed a second motion for a TRO seeking an order enjoining Defendants from enforcing the Australia's court's order in the United States and enjoining Defendants from pursuing further legal action in Australia. (Dkt. No. 11.) Having reviewed the filings and relevant legal authority, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES the TRO. As there is no legal basis for Plaintiff's demanded injunctive relief, it has failed to demonstrate a likelihood of success on the merits or a serious legal issue.

**BACKGROUND**

Plaintiff is an unincorporated association that operates an interactive online platform where community activist members "post investigative content, factual reports, and commentary

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

regarding Defendant Kurraba Group and its Executive Director, Nicholas 'Nick' Mark Smith, and their real estate development projects and business practices, particularly the controversial proposed development at 100 Botany Road in Sydney, Australia." (Dkt. No. 1 at ¶ 3.) Plaintiff's "technical infrastructure" is maintained through servers located in the United States with "administrative operations" based in San Francisco, California. (*Id.*) Defendant Kurraba Group is an Australian company and Defendant Smith an Australian resident. (*Id.* at ¶¶ 5-6.)

One of Plaintiff's members, "Australian community advocate, Michael Williams, has been publicly associated with opposing Kurraba's project." (*Id.* at ¶ 3.) On October 2, 2025, Defendants filed a lawsuit against Williams in the New South Wales District Court bringing defamation claims regarding publications on Plaintiff's website and claims for invasion of privacy and intimidation. (*Id.* at ¶ 15.) The Australia court issued an order enjoining "Williams from 'publishing any documents … by way of posting articles on the Internet … referring to Mr[.] Smith and Kurraba,' and further required Williams 'within two days' to 'take all steps to remove from the Internet … any website, article, advertisement or document referring to or identifying Mr[.] Smith and Kurraba.'" (*Id.*) Williams was also "barred [] from 'repeating or continuing to publish' any such materials and from 'inciting or encouraging any person' to engage in the same.'" (*Id.*) Defendants presented the Australian court order to Google and Google "geo-blocked" access to Plaintiff's website in Australia and "de-indexed" the website globally so the website does not appear in a Google search using "key search terms." (*Id.* at ¶ 18.)

Plaintiff thereafter filed this action under Declaratory Judgment Act, 28 U.S.C. § 2201, and the SPEECH Act, 28 U.S.C. §§ 4101-4104. (Dkt. No. 1.) In its TRO request, Plaintiff asks this California federal court to:

> 1. Enjoin[] Enforcement of the Australian Order in the U.S.: Defendants and anyone in active concert with them, shall be restrained and enjoined from enforcing, attempting to enforce, or otherwise giving any effect to the orders of the New South Wales, Australia court [] in any court or jurisdiction of the United States[;]
>
> 2. Enjoin[] Further Censorship Actions Abroad that Impact U.S. Speech: Defendants are further enjoined from taking any action in Australia or elsewhere to invoke or enforce the Australian court's orders in a manner that would interfere with Plaintiff's publication

2

> of content in the United States. In particular, Defendants shall not pursue contempt proceedings, penalties, or new injunctions in the Australian courts against Google (or other U.S. entities) for failure to comply with the Australian removal order, insofar as such non-compliance occurs in accordance with U.S. law and this Court's orders.
>
> 3. [Provide] Declaratory Relief: … declar[ing] that Plaintiff's publications at issue do not violate U.S. defamation law and are protected speech under the First Amendment, and that the Australian injunction and any resulting judgment are repugnant to the public policy of the United States and unenforceable domestically pursuant to the SPEECH Act, 28 U.S.C. § 4102, Communications Decency Act, 47 U.S.C. § 230, and the First Amendment to the United States Constitution.

(Dkt. No. 11-1 at 28-29.)

Plaintiff provided notice of the Complaint and TRO by email on October 30, 2025. (Dkt. No. 11-2, Khanna Decl. at ¶¶ 3-4.)

## DISCUSSION

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *See Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) ("[T]he legal standards applicable to TROs and preliminary injunctions are substantially identical.") (internal quotation marks and citation omitted). A court considers four factors before granting preliminary relief: (1) whether the applicant is likely to succeed on the merits of the action; (2) whether the applicant is likely to suffer irreparable harm in the absence of preliminary relief; (3) whether the balance of the equities tip in the applicant's favor; and (4) that an injunction is in the public interest. *Doe v. Reed*, 586 F.3d 671, 676 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). An injunction is a matter of equitable discretion and is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Plaintiff has not shown a likelihood of success or even serious questions going to the merits that would support its proposed injunctive relief. First, Plaintiff contends the SPEECH Act, 28 U.S.C. § 4102, "categorically prohibits U.S. courts from recognizing or enforcing foreign defamation judgments that fail to meet First Amendment standards." (Dkt. No. 11-1 at 15.) Agreed. *See Trout Point Lodge, Ltd. v. Handshoe,* 729 F.3d 481 (5th Cir. 2013) (affirming federal

3

1  district court's refusal to enforce a defamation-based default judgment obtained against a blogger
2  in Canada).  But no entity or individual, let alone Defendants, have sought to have this Court
3  recognize a foreign defamation judgment.  So, the Act, on its face, does not authorize this Court to
4  issue the injunctive relief sought by Plaintiff.

5  At most, Plaintiff can seek a declaration that the Australian order is repugnant to the laws
6  of the United States. *See Electronic Frontier Foundation v. Global Equity Management (SA) Pty*
7  *Ltd.*, 290 F.Supp.3d 923 (N.D. Cal. 2017).  But Plaintiff has not made the requisite showing for
8  this relief under the SPEECH Act, and, in particular, that the injunction it seeks to declare
9  "repugnant" is a final judgment.  *Id.* at 941-42 ("The Australian injunction is a qualifying order
10 under the SPEECH Act because it is a final judgment on a defamation claim"). Indeed, Plaintiff
11 itself characterizes the Australian injunction as "interim."  (Dkt. No. 11-1 at 8.)  Further, the Court
12 is not aware of any authority, and Plaintiff has not cited any authority, permitting a tro of a mere
13 declaration as a declaration is not a restraining order.  Finally, unsurprisingly, the SPEECH Act
14 does not regulate the enforcement of foreign judgments in foreign countries; yet, that is primarily
15 the injunctive relief Plaintiff seeks.

16 Second, Plaintiff contends "the Australian order cannot be enforced because it violates
17 fundamental First Amendment principles that no foreign judgment can override." (Dkt. No. 11-1
18 at 18.)  But, again, no one has asked this federal district court to enforce a judgment.  Plaintiff
19 cites *Garcia v. Google, Inc.*, 786 F.3d 733, 745 (9th Cir. 2015) (en banc), and characterizes it as
20 "dissolving injunction on online video, emphasizing First Amendment limits on prior restraints in
21 digital media." (Dkt. No. 11-1 at 18.)  The case says nothing about permitting a federal district
22 court to impose the remarkable and unprecedented relief sought here.

23 Third, Plaintiff contends the Australian judgment "was obtained in violation of basic due
24 process principles."  (*Id.* at 20.)  But, again, given no party has asked this federal court to enforce
25 the judgment, that the Australian judgment did not satisfy the due process clause of the United
26 States Constitution does not support entry of the relief sought.

27 Plaintiff has thus failed to establish a likelihood of success or a serious legal question and
28 the Court need not reach the remainder of the *Winter* factors.  *See Baird v. Bonta*, 81 F.4th 1036,

1040 (9th Cir. 2023) ("a 'court need not consider the other factors' if a movant fails to show a likelihood of success on the merits.") (citation omitted); *Smith v. Helzer*, 95 F.4th 1207, 1215 (9th Cir. 2024) (affirming denial of a preliminary injunction after finding no likelihood of success and without discussing any other preliminary injunction factor).

## CONCLUSION

For the reasons stated above, the request for a TRO is DENIED.

This Order disposes of Docket No. 11.

**IT IS SO ORDERED.**

Dated: October 31, 2025

JACQUELINE SCOTT CORLEY
United States District Judge